**UNITED STATES of America, Plaintiff,**

v.

**Riyaid SWIDAN, Defendant.**

**Crim. A. No. 87–80658.**

United States District Court,
E.D. Michigan, S.D.

July 18, 1988.

William F. Soisson, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

James C. Howarth, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Defendant Riyaid Swidan, indicted for distribution of a controlled substance, moves, citing Rule 410 of the Federal Rules of Evidence, to suppress two conversations in which a government agent and defendant participated.

I have jurisdiction under 28 U.S.C. § 1331.

The two conversations contain an alleged offer by defendant to set up a deal for the purchase of several thousand tablets of LSD. According to the government, defendant initiated the conversations and the offer. According to defendant, an agent of the Drug Enforcement Agency ("agent") initiated the conversations and the offer. The agent testified that he was interested in the deal and informed the Assistant United States Attorney of the offer, who in turn relayed the offer to defendant's attorney. The second conversation then took place. Defendant's mother and wife testified that the agent approached defendant and asked to speak with him in private. Defendant's counsel was not present at either conversation. For the purpose of this motion I conclude that the government's version of the facts is true, that defendant first approached the agent.

■ Defendant moves for the suppression of the statements under Rule 410(4) of the Federal Rules of Evidence, which states:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussion: ... any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or

which result in a plea of guilty later withdrawn.

The government argues on the basis of the 1979 amendment to the rule and the advisory committee notes to Rule 11(e)(6) of the Federal Rules of Criminal Procedure that statements made during plea discussions are inadmissible under this rule only when they are with an attorney.

Before the 1979 amendment the rule made inadmissible "offers to plead guilty or nolo contendere." It was amended to make inadmissible "plea discussions with the attorney for the prosecuting authority." The advisory committee notes[1] to Fed.R.Crim.P. 11 state that the amendment:

> thus fully protects the plea discussion process authorized by rule 11 without attempting to deal with confrontations between suspects and law enforcement agents, which involve problems of quite different dimensions.

Fed.R.Crim.P. 11 advisory committee notes to subdivision (e)(6).

The government urges that only discussions with an attorney for the prosecuting authority or someone expressly authorized by him or her are inadmissible under this rule.

The rule cannot be so strictly interpreted. It should rather be interpreted in light of its purpose, which, in the words of the committee, is to *protect* the plea discussion process. The government's interpretation threatens to turn the per se rule of exclusion into a per se rule of inclusion, which result the committee expressly disavowed. *Id.*

As other courts have recognized, limiting the rule's application only to prosecuting attorneys contravenes the rule's purpose of encouraging plea discussions. *United States v. Serna,* 799 F.2d 842, 849 (2d Cir.1986), *cert. denied Cinnante v. United States,* —— U.S. ——, 107 S.Ct. 1887, 95

L.Ed.2d 494 (1987); *United States v. Levy,* 578 F.2d 896, 901 (2d Cir.1978).

Under the government's proposed strict interpretation of Fed.R.Evid. 410(4), an agent need only propose to relay any offers to the prosecuting attorney, and thus preserve the government's freedom to choose to enter into plea discussions or to use the statements against the accused. This does not protect the plea discussion process.

The test whether an accused's statements were made during plea discussions is to be determined on a case-by-case basis in light of all the facts. *United States v. Serna,* 799 F.2d 842, 848 (2d Cir.1986); *United States v. Grant,* 622 F.2d 308, 312 (8th Cir.1980). To protect the process of plea discussions, a two-pronged analysis is used to determine the admissibility of statements made during alleged plea discussions. The first prong is subjective. Under it the court determines whether at the time of the statement the accused had a subjective expectation that he was negotiating a plea. The second prong is objective. Under it the court determines whether that expectation was reasonable under the circumstances. *United States v. Robertson,* 582 F.2d 1356, 1366 (5th Cir. 1978); *see also United States v. Doe,* 655 F.2d 920, 925 (9th Cir.1980); *United States v. O'Brien,* 618 F.2d 1234, 1240–41 (7th Cir.1980); *United States v. Pantohan,* 602 F.2d 855, 857 (9th Cir.1979). This analysis protects the plea discussion process by preserving the accused's subjective expectations, while at the same time limiting self-serving, post hoc statements by the accused.

Under this analysis, defendant's statements are inadmissible under Fed.R. Evid. 410(4). Defendant had a subjective expectation that he was negotiating a plea, and that expectation was reasonable under the circumstances.

---

**1.** The language quoted is from the advisory committee's notes to Rule 11 of the Federal Rules of Criminal Procedure. As the advisory committee's notes to Rule 410 of the Federal

Rules of Evidence indicate, Rule 410 conforms to Rule 11 of the Federal Rules of Criminal Procedure. Fed.R.Evid. 410 advisory committee's notes.

Defendant testified that at the time he thought he was negotiating a plea. Defendant expected more lenient treatment in exchange for cooperating with the government. I find that defendant's expectations were reasonable under the circumstances. The agent himself testified that he was interested in the deal, and that defendant asked that something be done about the charges against him. The agent took the offer to the Assistant United States Attorney. Furthermore, whether or not defendant or the agent initiated the first conversation, there is testimony from two witnesses in addition to defendant's testimony that the agent initiated the second conversation.

The "disclaimer" by the agent that he lacked authority to plea bargain was ineffective to render defendant's expectation unreasonable. In reply to defendant's offer the agent stated that he would relay the offer to the prosecutor and that the decision would be up to him. The agent did not discourage defendant by this reply, but rather encouraged him to make his offer. A formal disavowal of the ability to bargain, which is so couched as to elicit a continued response, does not render an accused's expectations unreasonable.

Under all the circumstances, I find that defendant had a subjective expectation that he was negotiating a plea, and that defendant's expectation was reasonable. Thus, I hold that the statements made by defendant, offering to set up a drug purchase, are inadmissible under Rule 410(4) of the Federal Rules of Evidence.

IT IS SO ORDERED.