Sidney ROBERTS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–SC–908–MR.

Supreme Court of Kentucky.

Feb. 16, 1995.

Rehearing Denied May 11, 1995.

Daniel T. Goyette, Frank W. Heft, Jr., Jefferson Dist. Public Defender, Louisville, for appellant.

Chris Gorman, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

PAUL K. MURPHY, Special Justice.

The issue in this case is whether the accused's statement is inadmissible at trial under KRE 410 because it was made during plea discussions.

The facts are not in dispute. Sidney Roberts (Roberts) was arrested on September 1, 1992. He was a suspect in a series of armed robberies. Roberts gave a lengthy taped statement to the police while he was in custody on September 2, 1992. Prior to giving the statement, Roberts was given his *Miranda* warning by Detective Duncan (Duncan) and executed a waiver of rights form. Roberts was worried about being charged as a persistent felony offender (PFO) and requested Duncan to contact the Commonwealth's Attorney's office. Specifically, Roberts feared that his PFO status would enhance his punishment to an "astronomical" number of years. He wanted to insulate himself against this event. Duncan was assured by John Stewart, the First Assistant Commonwealth's Attorney, that Roberts would not be charged with PFO I if he gave a complete, detailed and truthful statement concerning the robberies in question which could be corroborated by a police investigation. This assurance was clearly conveyed by Duncan to Roberts on the taped statement and Roberts stated he understood the terms and conditions.

Roberts then proceeded to confess to eight robberies. He denied committing any other robberies. However, a co-defendant, Theresa Hancox, gave a statement and testified at trial that Roberts was involved in four other robberies. In addition, it appears that Roberts was not truthful about the location of the gun used in the robberies.

Roberts' attorney moved to suppress the statement on the grounds that it was not voluntary and that its admission was barred by KRE 410. The trial court denied the Motion to Suppress finding that the statement was voluntary.

Roberts was tried on 12 counts of robbery. The statement was admitted into evidence and played for the jury. Roberts was found not guilty of one of the robberies which he admitted committing in the statement and was found guilty of the other 11 robberies. He was sentenced to 20 years enhanced to 50 years for each count to run consecutively for a total of 550 years—thus justifying Roberts' fears.

This is a direct appeal from the Jefferson Circuit Court. We reverse.

KRE 410 states in pertinent part:

"Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

(4) Any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn...."

The Rule goes on to list two exceptions which are not applicable to this case. Thus, to fall under the protection of KRE 410, the statement must be made:

1. In the course of plea discussions

AND

2. With an attorney for the prosecuting authority.

There are no Kentucky authorities on point. Therefore, we are free to look to federal authorities for interpretations of the federal counterparts, FRE 410 and FRCrP 11(e)(6). Plea discussions are defined in *United States v. Robertson*, 582 F.2d 1356 (5th Cir.1978) at 1365 as "discussions in advance of the time for pleading with a view to an agreement whereby the defendant will enter a plea in the hope of receiving certain charge or sentence concessions."

■ Similarly, KRE 410 contemplates a bargaining process whereby the Commonwealth and the accused seek a concession for a concession. *Robertson*, at 1366, sets out a two prong test which we adopt to be applied by the trial court in determining whether a discussion should be characterized as a plea discussion:

1. Whether the accused exhibited an actual subjective expectation to negotiate a plea at the time of the discussion

AND

2. Whether the accused's expectation was reasonable given the totality of the objective circumstances.

■ The intent is to protect the accused's subjective expectations while protecting against subsequent, self-serving claims by the accused. See *United States v. Swidan*, 689 F.Supp. 726 (E.D.Mich.1988). In this case, Duncan sought to clear up a series of robberies and Roberts sought to avoid an enhanced sentence. There was a quid pro quo. Each side made a concession. This was clearly a "plea discussion."

■ Was the statement made with an attorney for the prosecuting authority? The federal cases extend the application of the Rule to those instances in which the law enforcement agents state they are acting with the express authority of the U.S. Attorney's Office, *United States v. Knight*, 867 F.2d 1285 (11th Cir.1989), or are acting with express authority from a government attorney, *United States v. Grant*, 622 F.2d 308 (8th Cir.1980). It is not necessary for the government attorney to be physically present when the statement is made to authorized agents. *United States v. Serna*, 799 F.2d 842 (2d Cir.1986).

In this case Duncan bargained with Roberts on the express authority of the First Assistant Commonwealth's Attorney. The Commonwealth does not deny that this authority was given. Thus the plea discussion must be found to have been with an attorney for the prosecuting authority.

■ The Commonwealth argues that KRE 410 does not apply in this case because no plea of guilty resulted. We disagree. KRE 410(4) clearly states that the Rule applies even though a plea of guilty does not result or a guilty plea is entered but is later withdrawn.

■ It should also be noted that KRE 410 applies even though formal charges have not yet been filed at the time the plea discussions

took place. The intent of the Rule is to protect plea discussions when charges have been made or are about to be made. See *United States v. Boltz*, 663 F.Supp. 956 (D.Alaska 1987); *United States v. Arroyo–Angulo*, 580 F.2d 1137 (2d Cir.1978). In this case, Roberts was under arrest and in custody at the time of the plea discussions and both robbery and PFO charges were imminent.

■ In addition, Roberts claims that his statement was involuntary because it was made in reliance on police promises. We disagree. Roberts had been given his *Miranda* warning and had executed a waiver form prior to giving his statement. There is no evidence in this record that Roberts was plied with questions or that information was extorted from him by threats or other wrongful means in violation of Kentucky's Anti–Sweating Statute, KRS 422.110. *Brown v. Commonwealth*, Ky., 275 S.W.2d 928 (1955). There is no evidence in this record that Roberts' will was undermined or overcome. *Commonwealth v. Vanover*, Ky., 689 S.W.2d 11 (1985).

■ Roberts knowingly, willingly and voluntarily struck a bargain. The bargain was that he would not be charged as a PFO in return for a complete and truthful statement. Roberts did not keep his end of the bargain. His statement was neither truthful nor complete. Therefore, the Commonwealth is not bound by its agreement and is free to try Roberts as a PFO. This situation is clearly distinguishable from *Workman v. Commonwealth*, Ky., 580 S.W.2d 206 (1979). In *Workman*, the Commonwealth welshed on its bargain. Here, Roberts welshed on the bargain.

However, the Commonwealth may not use Roberts' statement against him on the retrial. The statement was made in the course of plea discussions with an attorney for the prosecuting authority. It is protected by KRE 410 which states clearly that such a statement is not admissible against the defendant in *any* civil or criminal proceeding.

It is not necessary to reach the other issues raised by the appellant, but we note in passing that it is imperative that the Com-

monwealth provide full and timely discovery pursuant to RCr 7.24 and 7.26. Failure to do so will result in severe sanctions.

For the reasons above stated, Roberts' conviction is reversed, and this case is remanded to the Jefferson Circuit Court for proceedings consistent with this opinion.

All concur.

LEIBSON, J., not sitting.